## P. H. REA IMPLEMENT CO., Respondent, v. W. A. SMITH, Appellant.

### Kansas City Court of Appeals, November 25, 1912.

1. **VENDOR AND VENDEE: Personal Property: Delivery: Exchange.** A negro man wished to purchase a buggy and harness. S took him to R's place of business and helped him select a buggy and harness at the price of fifty dollars. S said to the salesman that he would pay for it and to charge it to him, which was done; but no money was paid and no writing signed. S and the negro left the place, the latter to return and get the property. He did return that afternoon and took possession of the property, but before taking it away he concluded to exchange the harness for another set worth five dollars more and did so, paying the five dollars himself. It was held that conceding the negro took possession of the property and then exchanged the harness, the agreement of S to pay was valid. But if the harness originally purchased was not delivered, and another set was substituted, S was discharged from his agreement to pay.

2. ———: ———: ———: **Sale: Statute of Frauds.** Though a sale of specific and ascertained personal property is valid and title passes at common law without delivery, yet if the price is over thirty dollars and there is no part payment or writing, it is invalid under the statute of frauds.

Appeal from Saline Circuit Court.—*Hon. Sam. Davis*, Judge.

AFFIRMED.

*Reynolds & James* for appellant.

*A. F. Rector* for respondent.

ELLISON, J.—This is an action on an account for the purchase of a buggy and harness. At the close of plaintiff's case the trial court sustained a demurrer to the evidence. Plaintiff then, in due time, filed his motion for new trial which was sustained, and defendant appealed to this court from that order.

The following is a synopsis of the evidence necessary to state: Defendant is a farmer and plaintiff a merchant. Defendant is in such good repute as to have credit at plaintiff's store. A negro man wanted a buggy and harness and defendant took him to plaintiff's store where the negro, perhaps assisted by defendant, selected a buggy and set of harness at the price of fifty dollars. Defendant then said to the salesman to let the negro have the buggy and harness for fifty dollars, and he would pay for it; or as otherwise expressed in some statements of the witness, "to charge it to him." The salesman assented. Defendant and the negro then left without taking the buggy and harness with them. That afternoon the negro returned alone to receive the buggy and harness. But he concluded he preferred another set of harness, worth five dollars more than the set defendant bought. He took away this latter set with the buggy by giving his note to plaintiff for five dollars, which he afterwards paid.

Afterwards, when plaintiff presented an account to defendant, the latter claimed to be discharged from his promise on the ground that plaintiff had changed the character of the transaction by substituting a different set of harness, at a different price; and that the contract plaintiff made with him had not been performed, in that the specific property had not been delivered.

One branch of defendant's case is likened to that of a surety who is entitled to stand on the letter of his agreement. [Beers v. Wolf, 116 Mo. 179.]

On the other hand, plaintiff insists that the contract was performed as made. That plaintiff sold a specific buggy and set of harness, there selected, which being afterwards delivered to the negro, became his property; and that afterwards the negro ex-

changed the harness for another and more expensive set by paying the difference in price.

We think it clear that if the property had been delivered to the negro at the time of the sale and he had taken it away with him, it would have been his and he might have done with it what he pleased. He could have brought the harness back that afternoon and exchanged it for another set, without affecting defendant's obligation. What he actually did amounted to the same thing. For, when he came back, as was stated in evidence by the salesman, "he *took it out* and he said he would like to have a little better set of harness and for me to let him have it and take him for the difference; we agreed to do that." He "took" the property "out". That is, he took the buggy and harness out,—took possession,—and *then* exchanged the harness for another set, paying the difference in price. The taking it out and exchanging it, in the circumstances stated, was an exercise of dominion which was at once a delivery, acceptance, and receipt, and filled every requirement of the Statute of Frauds (Sec. 2784, R. S. 1909). It is true that afterwards this question was asked the witness: "You never did deliver to this darkey the harness Mr. Smith bought, did you?" And he answered: "No sir." But we think, taking all the evidence together, it was meant that the harness first selected was not taken away from plaintiff's place of business by the negro.

But if it should appear on a retrial that no delivery was made of the harness that defendant bought, then there was no contract binding upon him on his asserting its invalidity under the Statute of Frauds. For, while it is true, as asserted by plaintiff, that delivery is not essential (as between vendor and vendee) to the passing of title to specific and ascertained personal property under the common law (Hamilton

v. Clark, 25 Mo. App. 428; Commonwealth v. Hess, 148 Pa. St. 98), yet under the Statute of Frauds, in instances where the property is sold for more than thirty dollars and there is no writing, or part payment, the sale is not binding on the vendee if he asserts his right to avoid it. [Browne on Statute of Frauds (5 Ed.), Secs. 138-d to 138-i.] And so the law is stated in Cunningham v. Ashbrook, 20 Mo. l. c. 558, 559.

The judgment granting the new trial is affirmed. All concur.